OPINION. Arundell, Judge: This proceeding presents the question of whether the money received by the petitioner upon his resignation as an officer of the Chrysler Corporation and his transfer to that corporation of 205 shares in the trust constitutes compensation for services rendered and is therefore taxable as ordinary income rather than capital gain. Two other cases, Commissioner v. Alldis, 140 Fed. (2d) 885, and Frazer v. Commissioner, 157 Fed. (2d) 282, involve the income tax liabilities of executives of the same corporation holding shares in the same trust. The petitioner relies on Alldis, sufra, while the respondent places his reliance on Frazer, supra. In the Alldis case, employment of the executive terminated by death, after which his administratrix received payment upon the transfer of the trust shares to the Chrysler Corporation. In the Frazer case, the executive resigned, surrendered the shares to the trust, and received the proceeds himself. The basic issue in Alldis was whether the income was taxable to the decedent in his final return as having accrued under section 42 of the Revenue Act of 1938 and the principles of Helvering v. Enright, 312 U. S. 636. In Frazer, as in the instant case, the question was whether the net proceeds from the trust constituted compensation for services rendered or was to be treated as a capital gain. It has been argued that the Alldis case is bottomed on the theory that the transaction giving rise to the income was a capital one and is therefore contrary in principle to the reasoning in the Frazer case. If there is in fact a conflict between the two cited cases as to the nature of the income derived from a disposition of the trust shares, the later pronouncements of both this Court and the Sixth Circuit Court of Appeals in the Frazer case must be accepted as controlling. We hold, therefore, on authority of Frazer, supra, that the net proceeds paid to the petitioner upon his resignation as an executive of the Chrysler Corporation are taxable as ordinary income for the year 1937. We do not think the amendment to the trust instrument, pursuant to which the petitioner in the Frazer case surrendered his shares to the trust rather than transferred them to the Chrysler Corporation, serves to distinguish the Frazer case from the instant proceeding. Decision will ~be entered wider Rule 50.